# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL ANGEL ALMONTE, | Civil Action No. 17-5427 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, ET AL., | |
| Defendants. | |

## I. INTRODUCTION

This matter has been opened to the Court by Plaintiff's filing of an Amended Complaint, an application to proceed *in forma pauperis* ("IFP"), and a motion for pro bono counsel. The Court previously denied without prejudice Plaintiff's IFP application, found that his Complaint failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B), and provided him with leave to submit an Amended Complaint. (ECF No. 5.) The Court subsequently dismissed the matter because Plaintiff failed to submit an Amended Complaint. (ECF No. 6.) On the same day, Plaintiff resubmitted his IFP application with an Amended Complaint and a motion for pro bono counsel. (ECF Nos. 7-8.) At this time, the Court will grant Plaintiff's IFP application and screen the Complaint for dismissal. For the reasons explained below, the Court will dismiss Plaintiff's claims for relief, as described in this Opinion, as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Unless otherwise stated, the dismissal is without prejudice, and Plaintiff may file a second amended complaint within 30 days to the extent he can cure the deficiencies in his claims. Having dismissed the Amended Complaint, the Court will also deny <u>without prejudice</u> the motion for pro bono counsel.

1

## II. FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges that he "lost an organ (gal[l] bladder) d[ue] to improper treatment and attendant [sic] from medical practioner [sic]." (Am. Compl. at 3.) The events at issue occurred during May-July 2015 while he was incarcerated at Hudson County Correctional Facility. (*Id.*) Plaintiff further contends that

> The facility's Nursing Center for Inmate's Medical Practioner [sic] named (Denis). She only provided me my medication for my pressure that was provided to me before I got arrested. Never was I atended [sic] for my side pains was only given antibiotics for infection for 1 week. Pain came back within a couple of days after my treatment with antibiotics.
>
> Sait [sic] Luke's Emergency Doctors Hospital was where I had to get Emergency Surgery for my (gal [sic] bladder). Now hospital change and is now called Mount Sinai. This was taken place once I was released from Hudson County Correctional. Was released two weeks prior to my emergency surgery.

*Id.* Plaintiff states that he is seeking "proper treatment's [sic] and supervision in the Hudson County Correctional Facility", and also seeks monetary damages for the loss of his gall bladder. (*Id.* at 4.)

## III. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

2

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b))

Here, Plaintiff's Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696

3

F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ANALYSIS

### a. Claims for Relief

The Court construes Plaintiff to allege a claim of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the Hudson County Correctional Facility and/or Hudson County, Medical Practitioner Denis, and the United States of America. The Court also construes Plaintiff to raise related tort claims against Medical Practitioner Denis and the United States.

### 1. Hudson County Correctional Facility and the County of Hudson

A plaintiff may have a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws

4

of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

From the outset, the Hudson County Correctional Facility is not a proper defendant in this § 1983 action, because it is not a "person." *See Crooks v. Passaic Cty. Sheriff's Dep't/Jail*, No. CIV. 07-0092 (FSH), 2007 WL 923330, at *2 (D.N.J. Mar. 26, 2007) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983)); *see also Barrett v. Essex Cty. Corr. Facility*, No. CIV.A. 15-595 SDW, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983.") (citing *Kitchen v. Essex Cnty. Corr. Facility*, No. 12–2199, 2012 WL 1994505, at *3 (D.N.J. May 31, 2012)). As such, the Court will dismiss <u>with prejudice</u> the § 1983 claims against Hudson County Correctional Facility.

To the extent Plaintiff is attempting to allege § 1983 claims against the County of Hudson, he has failed to state a claim for relief. The liability of a municipality under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Municipalities cannot be found vicariously liable under the doctrine of *respondeat superior* for claims that their employees violated an individual's civil rights. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Rather, a plaintiff seeking to hold a municipality liable for a civil rights violation caused by a municipal employee must prove (1) the existence of a custom or policy of the municipality (2) pursuant to which the municipality's employee violated the plaintiff's civil rights. *Monell*, 436 U.S. at 694; *see also Bryan Cnty.*, 520 U.S. at 403; *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). *Monell* liability can be

predicated upon the theory that the municipality's failure to supervise or train its employees "reflect[s] a deliberate or conscious choice by policymaking officials, such that one could call it the [municipality's] policy or custom." *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). "[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011); *Pharaoh v. Dewees*, No. CV 14-3116, 2016 WL 2593842, at *4 (E.D. Pa. May 4, 2016). Here, the Amended Complaint cites vaguely to a lack of supervision at Hudson County Correctional Facility but is devoid of any factual allegations showing that a policy or custom of Hudson County caused any violation of Plaintiff's constitutional right to adequate medical treatment. Because the Complaint fails to state how a custom or policy of Hudson County caused the violation of Plaintiff's constitutional rights, it fails to state a failure to protect claim under § 1983 against the County. The § 1983 claims for inadequate medical care are dismissed without prejudice against the County of Hudson.[1]

## 2. Medical Practitioner Denis

The Court also liberally construes the Amended Complaint to allege claims for relief against Medical Practitioner Denis, who provided medical care to Plaintiff at Hudson County Correctional Facility.[2] The Court assumes for purposes of this screening opinion that this

---

[1] The Court does not construe Plaintiff to raise any state law claims against the County of Hudson and/or Hudson County Correctional Center.

[2] Although it is not clear whether Plaintiff is a pretrial detainee, a convicted prisoner, or detained at Hudson County Correctional Facility for some other reason, the Complaint states that he was incarcerated at Hudson County Correctional Facility following his arrest (ECF No. 1, Am. Compl. at 4), which suggests that Plaintiff is not a convicted prisoner. Therefore, the Court construes Plaintiff to allege claims of deliberate indifference to his serious medical needs in

6

Defendant was acting under color of state law for the purposes of 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988) (holding that a physician under contract with the state to provide medical services to inmates is acting under color of state law for purposes of § 1983 when undertaking his duties in treating an inmate, as "[i]t is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State . . . Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody"); *Johnson v. Stempler*, 373 F. App'x 151, 153 n.1 (3d Cir. 2010) ("[P]rivate prison doctors working under contract with the government act 'under color of state law' for purposes of § 1983.").

"In order to establish an Eighth Amendment violation with respect to conditions of confinement, a prisoner must show that he has been deprived of 'the minimal civilized measure of life's necessities,' such as food, clothing, shelter, sanitation, medical care, or personal safety." *Panton v. Nash*, 317 F. App'x 257, 258 (3d Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994)). The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act with deliberate indifference to a prisoner's serious medical needs by denying or delaying medical care. *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). As such, an inmate's constitutional right to adequate medical care is violated if his serious medical need is met with deliberate indifference from prison officials. *See Natale v. Camden Cnty. Corr.*

---

violation of the Due Process Clause of the Fourteenth Amendment. The Eighth Amendment's deliberate indifference standard, which is applicable to convicted prisoners, applies equally to inadequate medical care claims brought by pretrial detainees under the Fourteenth Amendment. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

7

*Facility*, 318 F.3d 575, 582 (3d Cir.2003). An inmate's allegations of medical malpractice or negligence are insufficient to meet that standard, as are "mere disagreements" concerning the proper course of treatment. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir.2004); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987).

In order to sustain a constitutional claim, a prisoner must make: 1) an "objective" showing that the prisoner's medical needs were sufficiently serious; and 2) a "subjective" showing that the prison official acted with a sufficiently culpable state of mind. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm. *See Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).

Here, Plaintiff has not provided sufficient facts to suggest that Medical Practitioner Denis was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's Amended Complaint alleges that Medical Practitioner Denis provided Plaintiff with medication for high pressure and antibiotics for an infection. (Am. Compl. at 3.) The Amended Complaint asserts in vague terms, however, that his "side pain" was not "atended [sic]" and that this pain came back after his treatment with antibiotics. (*Id.*) Plaintiff alleges that he had emergency surgery to have his gall bladder removed two weeks after his release from Hudson County Correctional Facility. (*Id.*) These facts without more do not suggest that the Medical Practitioner Denis was deliberately indifferent to Plaintiff's serious medical needs, as it appears that this individual provided Plaintiff with medical care. Plaintiff has not provided sufficient facts about the alleged failure to attend to his "side pain" for the Court to infer that Medical Practitioner Denis recklessly disregarded a serious risk of harm to Plaintiff. Although Plaintiff asserts that he had emergency surgery to remove his gall bladder two weeks after his release from jail, there are insufficient

facts connecting the emergency surgery to any acts or omissions of Medical Practitioner Denis. As such, the Court will dismiss <u>without prejudice</u> the § 1983 claims against Medical Practitioner Denis.

It is unclear whether Plaintiff is also attempting to allege a medical malpractice claim against Medical Practitioner Denis. A medical malpractice case is a kind of tort action in which the traditional negligence elements are refined to reflect the professional setting of a physician-patient relationship. Thus, a plaintiff in a malpractice action must prove the applicable standard of care; that a deviation has occurred; and that the deviation proximately caused the injury. *Verdicchio v. Ricca*, 179 N.J. 1, 23 (2004) (internal citations omitted). As explained above, Plaintiff states only that his "side pain" was not "atended [sic]" and it is unclear how Medical Practitioner Denis was involved in the treatment of his side pain, whether there was any deviation from the applicable standard of care, or whether that deviation caused Plaintiff's injuries. As such, to the extent Plaintiff is seeking to bring a medical malpractice claim against Medical Practitioner Denis, that claim is also dismissed <u>without prejudice</u>.

### 3. The United States of America

The Court will also dismiss <u>without prejudice</u> the United States of America. Although *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits civil rights actions against individual federal agents, the United States is not a proper party defendant in a constitutional tort action bought under *Bivens* and such claims against it are barred by sovereign immunity.[3] *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Ky v. Graham*, 473 U.S.

---

[3] "To establish a claim for relief under *Bivens*, a plaintiff must show: (1) that the alleged misconduct was committed by a federal agent; and (2) that as a result, he was deprived of a right secured by the Constitution or laws of the United States." *Davis v. Holder*, 994 F. Supp.2d 719, 725 (W.D.Pa.2014) (citation omitted).

9

159, 165–66 (1985). When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671– 2680, generally authorizes substitution of the United States as the defendant. *Hui v. Castaneda*, 559 U.S. 799, 801 (2010). Here, there is nothing to suggest that Medical Practitioner Denis, who provides medical services at a county correctional facility, is a <u>federal agent</u>, *see West*, 487 U.S. at 55-56, and, as explained above, the Amended Complaint does not provide sufficient facts to suggest that this individual had any role in causing Plaintiff's injuries.

### b. Motion for Pro Bono Counsel

Because the Court has dismissed the Complaint in its entirety, the Court will also deny <u>without prejudice</u> Plaintiff's motion for pro bono counsel. If Plaintiff submits a second amended complaint within 30 days, he may renew his motion for pro bono counsel, if appropriate.

### V. CONCLUSION

For the reasons explained in this Opinion, the Court will grant Plaintiff's IFP application and dismiss the Amended Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The § 1983 claims against Hudson County Correctional Facility are dismissed <u>with prejudice</u>. Plaintiff's claims against the remaining Defendants, as described herein, are dismissed <u>without prejudice</u> and Plaintiff may submit a second amended complaint within 30 days. At this time, the Court will also deny <u>without prejudice</u> Plaintiff's motion for pro bono counsel. An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court

Date: 5/19, 2018

10